STONE *v.* SMITH.

1. Workmen's Compensation—Executors and Administrators.

The workmen's compensation act contains no provision for the prosecution of a proceeding before the department of labor and industry by a personal representative of a deceased person (2 Comp. Laws 1929, § 8407 *et seq.*).

2. Same—Remedies—Employees and Dependents.

· Workmen's compensation act, in providing for remedial action, concerns only two classes of persons—employers and employees, the latter term being broadly used as including dependents (2 Comp. Laws 1929, § 8407 *et seq.*).

3. Same—Death—Liability of Employer—Dependents.

Liability of employer, in case employee's death results from compensable injury, is in accordance with 2 Comp. Laws 1929, §§ 8421, 8428, providing for death benefits to dependents and certain specific death benefits.

4. Same—Double Recovery Prohibited.

There cannot be two recoveries under the workmen's compensation act for the same injury covering the same time, one by the injured party and one by his dependents (2 Comp. Laws 1929, § 8407 *et seq.*).

5. Same—Death—Termination of Employer's Liability · to Employee.

Employee's death prior to final order of department of labor and industry awarding compensation · ends employer's liability to pay compensation to employee, his proceeding to recover same becoming abated thereupon (2 Comp. Laws 1929, § 8428).

6. Same—Death—Remand of Case for Further Testimony Before Deputy Commissioner.

Order of department of labor and industry, made after death of employee while an appeal was pending from award of deputy commissioner before it, abating employee's proceeding, and remanding case for hearing before deputy to ascertain· fact of death and rights of dependents, if any, *held*, within administrative powers of department.

Appeal from Department of Labor and Industry. Submitted January 15, 1936. (Docket No. 70, Calendar No. 38,652.) Decided April 6, 1936.

George E. Stone presented his claim against Earl C. Smith, employer, and Western & Southern Indemnity Company, insurer, for compensation for personal injuries sustained while in defendant's employ. Award to plaintiff by deputy commissioner. Defendants appealed to full department. Suggestion of death of George E. Stone. Order entered by full department of labor and industry remanding the case to deputy commissioner. Defendants appeal. Affirmed.

*Robert M. Soutar,* for plaintiff.

*Alexander, McCaslin & Cholette* and *Harry L. Wickey,* for defendants.

Potter, J. George E. Stone, employed by defendant Earl C. Smith, claimed to have been injured June 15, 1933. Notice and application for adjustment of claim was filed by him August 27, 1934. The case came on for hearing before a deputy commissioner and he was awarded compensation for total disability. An appeal was filed from the finding of the deputy commissioner to the department of labor and industry, pending the hearing of which appeal George E. Stone died November 9, 1934. Notice of his death was given. Mildred G. Stone, special administratrix of the estate of George E. Stone, deceased, gave notice of the death of George E. Stone, of her appointment as administratrix of his estate, her acceptance of the trust and the filing of her bond, and asked that the department of labor and indus-

try confirm the finding of the deputy commissioner awarding George E. Stone compensation at the rate of $18 a week for the period from September 23, 1933, to the time of his death November 9, 1934. The notice of death of George E. Stone is entitled "Mildred G. Stone, widow and dependent of George E. Stone, deceased, plaintiff, *v.* Earl C. Smith, doing business as Earl C. Smith Fast Express (now Earl C. Smith, Inc.), and Western & Southern Indemnity Company, defendants." The body of this notice purports to be made by Mildred G. Stone, special administratrix of the estate of George E. Stone, deceased, and same is signed by her as "Mildred G. Stone, special administratrix." April 29, 1935, the secretary of the department wrote plaintiff's counsel stating:

"I am directed to say that as the plaintiff died while the case was pending on review and before the order of the department thereon had been entered, the action does not survive and the deputy commission (commissioner) will proceed with the hearing on the notice and application for adjustment of claim filed on behalf of the dependent."

After notice of death was filed with the department of labor and industry on June 26, 1935, the department entered an order reciting the making of the award October 1, 1934, of $18 a week compensation; the claim for review filed by defendants; the hearing of the case on review by the department February 20, 1935; that pending a decision of the cause on review by the department, the department had been notified of the death of plaintiff and a notice and application for adjustment of claim had been simultaneously filed by Mildred G. Stone alleging herself to be the widow and a dependent of said George E. Stone; and that said application for adjust-

ment of claim in behalf of dependents should be granted. Therefore, it was ordered that notice and application for adjustment of claim filed in behalf of the dependents should be granted, the cause forthwith referred to a deputy commissioner to take testimony pertaining to the death of plaintiff and determining any dependents whom there might be, to take such additional proof as might be submitted by either of the parties and make such necessary amendment of the title of the cause by addition of any dependents whom there might be as parties plaintiff, and make a supplemental award in the cause determining only the question of dependency and the names of any dependents and the amount of compensation they might be entitled to but not reviewing, altering or amending the award heretofore made in this cause in any particular. Later and on July 11, 1935, an order was entered reciting that the order of June 26, 1935, had been construed to be ambiguous, and ordering "that this matter be and hereby is dismissed." July 16, 1935, commissioner Wise of the department of labor and industry wrote plaintiff's attorney stating the order last mentioned was made to clear up an ambiguity in the previous order and stating:

"The effect of the order is this: The appeal of George E. Stone is dismissed and the case necessarily stands upon the award of the deputy commissioner. This mentions the matter of Mildred G. Stone to be determined upon its merits."

Appellants petitioned for leave to appeal from the order of the department of labor and industry dated July 11, 1935, for the reasons: (1) the order was ambiguous and susceptible of different interpretations; (2) if the order was to be construed as dismissing defendants' appeal to the full department, it was

illegal and wrongful and without justification in law or fact; (3) there was no authority in law for entering such an order if it constituted a dismissal of an appeal. Leave to appeal was granted and appellants claimed an appeal from the award entered July 11, 1935.

Appellants claim: (1) the order of the department dated June 26, 1935, was improper in view of the death of plaintiff intervening between the award of the deputy commissioner and an order of the department of labor and industry on appeal; (2) the order of July 11, 1935, was improper under the circumstances above set forth; (3) "What is the legal effect of an award in favor of the plaintiff in a compensation case which is properly appealed from and where death intervenes before final determination by the full department? The department of labor indicates that their order of July 11, 1935, with the interpretation placed upon it by their letter of July 16, 1935, is the correct procedure. The appellants contend that the department is incorrect in its application of the law."

Plaintiff says the questions involved are: (1) whether the Supreme Court on certiorari will consider the order of June 26, 1935, when the claim of appeal does not mention such order and such claim of appeal and petition for leave to appeal were filed more than 30 days later and ask relief only from another order; (2) may the department of labor and industry, after appeal to it, order a hearing before a deputy for further testimony; (3) will such order of June 26, 1935, be vitiated because it contained also (improperly or not) a direction that another case be heard at the same time by the deputy; (4) does the order of July 11th (or even of June 26, 1935) present to this court a question of law on a final decision as required by the compensation law (2 Comp. Laws

1929, § 8451) before this court may obtain jurisdiction; (5) plaintiff contends the facts cannot be reviewed where there is no finding upon them by the department, and only the findings of the department may be considered.

The workmen's compensation act contains no provision for the personal representative of a deceased person prosecuting a proceeding before the department of labor and industry. *Schlickenmayer* v. *City of Highland Park,* 253 Mich. 265; *Munson* v. *Christie,* 270 Mich. 94.

"Insofar as it provides for remedial action, it concerns only two classes of persons—employers and employees, the latter term being used in its broader sense as including dependents." Citing *City of Grand Rapids* v. *Crocker,* 219 Mich. 178; *Munson* v. *Christie, supra.*

"The act contains its own procedural provisions. Under these provisions only two classes of persons may (except in cases of minors or incompetents) institute proceedings against the employer before the commission: (1) the injured employee, and (2) his dependents in the event of his death resulting from the injury." Citing *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich. 675; *Munson* v. *Christie, supra.*

Section 8421, 2 Comp. Laws 1929, provides:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to sixty-six and two-thirds per centum of his average weekly wages, but not more than eighteen dollars nor less than seven dollars a week for a period of three hundred weeks from the date of the injury."

In this case death, it is claimed, resulted from the injury, and if the employer is liable at all, he is liable in accordance with 2 Comp. Laws 1929, § 8421.

Section 12 of the act (2 Comp. Laws 1929, § 8428), referred to in 2 Comp. Laws 1929, § 8421, above referred to, provides:

"The death of the injured employee prior to the expiration of the period within which he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity."

The subsequent provisions of 2 Comp. Laws 1929, § 8428, provide:

"The death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in section four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death."

Section 5, referred to in 2 Comp. Laws 1929, § 8428, is 2 Comp. Laws 1929, § 8421.

Upon a consideration of these sections, it is apparent the statute construed as a whole contemplates that in case of the death of the employee as a result of accidental injuries, within the act, his dependents shall be fully compensated in accordance with 2 Comp. Laws 1929, § 8421, plus the specific death benefits provided by 2 Comp. Laws 1929, § 8428.

In this case there was an appeal taken from the award of the deputy commissioner. No compensation was paid to the deceased during his lifetime. The employer, if liable at all, is liable under 2 Comp. Laws 1929, § 8421, for the compensation provided for therein, and is also liable for the additional death benefits provided by 2 Comp. Laws 1929, § 8428. Section 8421, 2 Comp. Laws 1929, makes the compensation payable "from the date of the injury."

There cannot be two recoveries under the workmen's compensation act for the same injury covering the same time, one to the injured party and the other to his dependents. The death of George E. Stone prior to the payment to him of any compensation ended all liability upon the part of the employer to pay compensation to him where an appeal was taken and no final order was made on such appeal.

"All liability for the remainder of such payments which he would have received in case he had lived shall be terminated." 2 Comp. Laws 1929, § 8428.

Where, as in this case, the deputy commissioner made an award to the employee claimed to have been injured and an appeal was taken from that order of the deputy commissioner to the department of labor and industry and the injured employee died before an award was made by the department of labor and industry, all payments which he would have received in case he had lived were terminated. His death amounted to an abatement of that proceeding. After the death of the injured employee, the employer is liable, if at all, under the provisions of 2 Comp. Laws 1929, § 8421, and the other sections of the statute therein referred to. This is in accordance with the statute and with the holding in *Traders' & General Ins. Co.* v. *Baldwin* (Tex. Civ. App.), 50 S. W. (2d) 863.

If dependents of deceased are entitled to recover at all, they are entitled to recover 66⅔ per cent. of the average weekly wages of decedent, but not less than $7 nor more than $18 a week for 300 weeks from the date of his injury. 2 Comp. Laws 1929, § 8421. In addition to the indemnity paid to decedent's dependents under 2 Comp. Laws 1929, § 8421, above referred to, such employer shall pay the reasonable expense of the last sickness of deceased and burying, which shall not exceed $200, in addition to any sum he may be required to pay for the reasonable medical, surgical and hospital services and medicines furnished during the first 90 days after decedent's injury. 2 Comp. Laws 1929, §§ 8420, 8424, 8428.

It follows that the order of the department of labor and industry appealed from dismissing this proceeding should be affirmed, with costs.

North, C. J., and Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred with Potter, J.

Wiest, J. (*concurring in result*). The death of the employee while the appeal was pending ended that proceeding.

Dependents with rights, if any, in order to have compensation, must institute proceedings to that end.

To this extent I concur in the opinion.

North, C. J. (*concurring*). I am in accord with Mr. Justice Potter's opinion wherein he affirms the order of the department of labor and industry of July 11, 1935, "dismissing this proceeding;" but it seems that addition of the following would be helpful:

In affirming the department's order of July 11, 1935, we are construing that order (as did the department) to mean no more than that the death of

George E. Stone abated the proceedings as to him. This order merely made the abatement a matter of record. But for the purpose of determining the rights of George E. Stone's dependents to compensation the proceeding is still pending. It was entirely within the administrative powers of the department to remand the proceedings to a deputy commissioner to take testimony as to the death of George E. Stone and the rights of his dependents, if any. Such was the purpose of the department's order of June 26, 1935. After the supplemental hearing before the deputy commissioner is concluded either party should have the right of review of any question decided at either hearing before the deputy commissioner.

FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred with NORTH, C. J.