STETU *v*. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION — SETTLEMENT RECEIPTS — BLANKET APPROVAL.

General order of department of labor and industry approving all settlement receipts in cases in which no proceedings had been had or commenced by either party for more than a year before a given date *held*, not an effective approval of such receipts (General Order No. 30).

2. SAME — SETTLEMENT RECEIPT — APPROVAL — DEATH — REVIEW OF PAYMENTS—LEGAL REPRESENTATIVES.

Under a settlement receipt which was never properly approved before employee suffered further disability from the same accident after returning to work, a review of payments under the original award becomes necessary in order to determine the amount due and should employee die prior to adjudication on petition to review, his legal representative may intervene to continue the review and, if any amount be determined due, to obtain a certificate for judgment in the circuit court.

3. SAME—ACCRUED COMPENSATION—DEATH OF EMPLOYEE.

Compensation which has accrued under an award prior to employee's death survives to his estate and is collectible by his personal representatives.

4. SAME—REVIEW OF PAYMENTS—DEATH—FURTHER HEARING.

Upon death of employee pending appeal to department of labor and industry on petition for review of payments and intervention of his widow as his dependent widow and administratrix of his estate, respective parties are entitled to further hearing for introduction of such additional evidence as department, in its discretion, may allow (2 Comp. Laws 1929, § 8450).

Appeal from Department of Labor and Industry. Submitted April 24, 1936. (Docket No. 56, Calendar No. 38,857.) Decided October 16, 1936.

George Stetu presented his claim for compensation against Ford Motor Company for accidental injuries. After award by deputy commissioner and appeal to department, plaintiff died. Veronica Stetu, as widow and administratrix, filed motion to be substituted as party plaintiff. From dismissal of appeal, both parties appeal. Modified and remanded for further proceedings.

*Robert D. Anspach* and *Marcus & Marcus (Kurt J. Kremlick,* of counsel), for plaintiff.

*Tuttle & Tuttle (E. C. Starkey* and *F. A. Nolan,* of counsel), for defendant.

BUTZEL, J.   George Stetu suffered a compensable injury on October 28, 1927, and was awarded compensation at $18 per week. On returning to work on December 13, 1927, he signed a settlement receipt which never was approved in any other manner than by general order No. 30. He again left the employ of defendant in the summer of 1929, and did not return except for two days in February, 1935. On April 15, 1935, he filed a petition for further compensation stating that since on or about July 15, 1929, he had been totally disabled on account of internal injuries received in the accident. The deputy commissioner to whom the petition was referred awarded compensation in the sum of $18 per week for total disability from January 1, 1932, to May 16, 1935, and thereafter until the further order of the department. Defendant filed application for review before the department. On September 5, 1935, six days before the hearing on appeal to the department had been set, Stetu died. The widow promptly filed a motion to add or substitute Veronica Stetu,

widow and administratrix, as party plaintiff. The
department made no order on the latter motion, but
on December 18, 1935, entered an order dismissing
the appeal. All parties have appealed from this
order.

In *Stone* v. *Smith*, 275 Mich. 344, we held that
where no compensation had yet been paid, and where
the employee died during the pendency of an appeal
from the award of the deputy commissioner and
prior to the hearing of the appeal by the depart-
ment, the proceedings abated as to him, but were
still pending for the purpose of determining the
rights of dependents, whose petition could be re-
manded to the deputy commissioner to take testi-
mony as to the death of the claimant and the rights
of his dependents. In the instant case, however, an
award had been made and compensation paid prior
to the death of the employee. His widow claims
that, either as sole dependent or administratrix of
his estate, she may intervene so that she can recover
the amount due decedent up to the time of his death.
She may not be entitled to any compensation as a
dependent as death might not have been the result
of the accident or for other reasons, but on proper
petition she may, however, establish her claim as
administratrix in the instant case inasmuch as a
valid and binding award, made shortly after dece-
dent suffered his injury, was never stopped by any
approved settlement receipt. In *Weaver* v. *Antrim
Iron Co.*, 274 Mich. 493, we held that the award still
remained in effect, as the settlement receipt was
not approved notwithstanding the omnibus order
No. 30, which constituted an ineffectual attempt to
approve all settlement receipts theretofore filed.
When a settlement receipt is never approved and the
employee thereafter suffers further disability from
the same accident, a review of payments under the

original award becomes necessary in order to determine the amount due. Should claimant die prior to an adjudication on the petition, his legal representatives may intervene and continue the review of payments in order to determine the amount due, if any, at the time of employee's death, and in order to obtain a certificate for judgment in the circuit court. The instant case differs from *Stone* v. *Smith, supra,* where the employee died before an award had been made, and a reasonable construction of the act demonstrated that the only remedy left was one by the dependents for death benefits. The sole question is whether, under the award made to the employee, there were any payments due him at the time of his death. There is ample authority to the effect that where an award is made to the injured employee and he subsequently dies, any compensation that accrued and was owing to him under the award up to the time of his death survives to his estate and is collectible by his personal representatives.. *Roney* v. *Griffith Piano Co.,* 4 N. J. Misc. 31 (131 Atl. 686) ; *Proops* v. *Twohey Brothers,* 29 Ariz. 164 (240 Pac. 277) ; *Cambridge Manfg. Co.* v. *Johnson,* 160 Md. 248 (153 Atl. 283) ; *Marshall* v. *South Pittsburg Lumber & Coal Co.,* 164 Tenn. 267 (47 S. W. [2d] 553) ; *Monson* v. *Battelle,* 102 Kan. 208 (170 Pac. 801) ; *Western Indemnity Co.* v. *State Industrial Commission,* 96 Okla. 100 (219 Pac. 147, 29 A. L. R. 1419) ; *Central Illinois Light Co.* v. *Industrial Commission,* 359 Ill. 430 (194 N. E. 530) ; *Greenwood* v. *Luby,* 105 Conn. 398 (135 Atl. 578, 51 A. L. R. 1443) ; *Erie R. Co.* v. *Callaway,* 91 N. J. Law, 32 (102 Atl. 6).

Appellant Ford Motor Company claims that compensation affects only two classes of persons, employers and employees, or in the event of the latter's death, their dependents. *Munson* v. *Christie,* 270

Mich. 94; *City of Grand Rapids* v. *Crocker*, 219 Mich. 178; *Johns* v. *Wisconsin Land & Lumber Co.*, 268 Mich. 675; *Schlickenmayer* v. *City of Highland Park*, 253 Mich. 265. However, these cases do not deal with payments owing to the employee at the time of his death, by virtue of a subsisting approved award.

Further claim is made that as the right to compensation is wholly statutory and that there is no contract relation, upon the death of an employee a claim for accrued compensation does not survive. *Crane* v. *Leonard, Crossette & Riley*, 214 Mich. 218 (18 A. L. R. 285, 20 N. C. C. A. 621), pointed out the contractual relationship that the employer and employee entered into in order to make the workmen's compensation act applicable. The proceedings abated upon the death of the claimant, but his administratrix by proper petition had the right to intervene in the same proceeding so that the department might consider the death of claimant and the appointment of an administratrix and also review payments under the original award to determine the amount, if any, due claimant up to the time of his death.

The award heretofore made is modified and the case remanded to the department for the purpose of review, in accordance with defendant's claim, the respective parties having full right to be heard and to introduce such additional evidence as the department in its discretion may allow, as provided by 2 Comp. Laws 1929, § 8450. Plaintiff's administratrix will recover costs.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., took no part in this decision.