HOUG v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—EYE INJURY—SYMPATHETIC OPHTHALMIA—TOTAL DISABILITY.

Evidence showing that while employee's right eye was not directly injured when left eye was so injured that he became totally blind in such eye but due to transferred or sympathetic ophthalmia caused by injury thereto plaintiff now has about 1/200 of normal vision, or industrial blindness, in right eye *held*, sufficient to justify an award for total disability on petition for further compensation after employee had been paid compensation for 100 weeks for loss of left eye.

2. SAME—RES JUDICATA—PHYSICAL CONDITION—REVIEW OF PAYMENTS.

Under the workmen's compensation act the doctrine of *res judicata* is limited in its operation when sought to be applied to a man's physical condition as such condition constantly changes and statute provides that weekly payments may be reviewed and ended, diminished, or increased as the facts warrant (2 Comp. Laws 1929, § 8453).

3. SAME—RES JUDICATA—INDUSTRIAL BLINDNESS—TOTAL DISABILITY.
   Prior order of department of labor and industry denying com-
   pensation for blindness in right eye or for total disability was
   not an adjudication which prevented employee from showing
   subsequently that he was industrially blind in such eye and
   totally disabled.

4. SAME—DEATH OF EMPLOYEE AFTER AWARD—ACCRUED PAYMENTS—
   TERMINATION OF LIABILITY.
   Death of employee after an award of compensation for acci-
   dental injuries would terminate employer's liability for re-
   mainder of such payments he would have received had he lived
   but did not discharge its liability for payments accrued prior
   to death, such payments being collectible by his personal
   representative (2 Comp. Laws 1929, § 8428).

Appeal from Department of Labor and Industry.
Submitted January 3, 1939. (Docket No. 24, Calen-
dar No. 40,298.)   Decided April 4, 1939.

Sigvart Houg presented his claim against Ford
Motor Company for compensation. for loss of eye
while in its employ.   On petition for further com-
pensation.   Award to plaintiff.   Defendant appeals.
Affirmed.

*Ray Derham,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

POTTER, J.   Defendant brings certiorari to review
an order of the department of labor and industry
awarding compensation to plaintiff.

March 22, 1932, plaintiff claims he was struck in
the left eye by a piece of glue from which he suffered
injury to that eye.   There is no question but that the
injury arose out of and in the course of his employ-
ment.   September 24, 1932, he applied for compensa-
tion claiming the loss of vision of his left eye.

December 20, 1932, he was awarded compensation for 100 weeks for the loss of an eye pursuant to 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160). This compensation was paid. August 16, 1934, he filed a petition for further compensation claiming he had suffered a complete loss of vision of the right eye as a result of the injury to his left eye. Testimony was taken thereon, and from an award of compensation made by the deputy commissioner an appeal was taken to the department of labor and industry, which in its opinion found the testimony did not establish that plaintiff was blind in his right eye or that he was totally disabled, and, July 11, 1935, adjudged that plaintiff was not entitled to recover or receive any compensation upon his petition and ordered the award of the deputy commissioner set aside. August 12, 1936, the petition here involved was filed by plaintiff, alleging that he had been industrially blind in his right eye since July 15, 1935; that his condition had steadily grown worse since that time; and his earning capacity had decreased since testimony was last taken in the case. Hearing was had on this petition and award made by a deputy commissioner, and an appeal taken by defendant from the order entered to the department of labor and industry, which modified the award of the deputy commissioner and entered an order that plaintiff be paid by defendant compensation for total disability at the rate of $18 a week beginning August 7, 1936, and continuing until the further order of the department. It is this order which defendant seeks to review.

The award made by the department is amply supported by the testimony. Though plaintiff's right eye was not directly injured in March, 1932, there is testimony its condition at this time is due to trans-

ferred or sympathetic ophthalmia caused by the injury to plaintiff's left eye; that plaintiff is totally blind in his left eye and has only 1/200 of normal vision in his right eye; that he is industrially blind.

Defendant claims the order of July 11, 1935, which was unappealed from, is *res judicata.* The doctrine of *res judicata* is limited in its operation when sought to be applied to man's physical condition which constantly changes and under a statute which provides that weekly payments may be reviewed and ended, diminished, or increased as the facts warrant (2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]). What was adjudicated by the order of July 11, 1935? *First,* that plaintiff had not in the proceeding then before the department sustained the burden of proof that he was blind in his right eye; and, *second,* that he was totally disabled. The department found plaintiff was not blind and was not totally disabled. In this proceeding, the department found the allegations of petitioner were true; that he was industrially blind and totally disabled. These findings were warranted by the facts. The order of July 11, 1935, was not an adjudication which prevented the petitioner from showing the facts.

After this case was argued and submitted, a suggestion of plaintiff's death was filed January 16, 1939, showing plaintiff died December 29, 1938, and a certificate filed showing that January 12, 1939, Morris Houg was appointed administrator of plaintiff's estate. Defendant moved to dismiss the proceedings, claiming they abated with plaintiff's death, citing *Stone* v. *Smith,* 275 Mich. 344. Plaintiff's death terminated defendant's liability for the remainder of such payments which he would have received in case he had lived (2 Comp. Laws 1929, § 8428 [Stat. Ann. § 17.162]), but did not discharge

defendant's liability for the payments which had accrued under the order of the department of labor and industry prior to his death. Defendant remained liable therefor and the amounts which had accrued in plaintiff's lifetime are collectible by his personal representative. *Stetu* v. *Ford Motor Co.,* 277 Mich. 468.

The award of the department of labor and industry was operative up to the time of plaintiff's death and is to that extent affirmed, and the amount accruing under such award may be paid to the administrator of plaintiff's estate.

BUTZEL, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred with POTTER, J. WIEST, J., concurred in the result.