BRANDNER *v.* MYERS FUNERAL HOME.

1. WORKMEN'S COMPENSATION—FUNERAL HOME RECEPTIONIST—FALL ON RUG WHILE ANSWERING TELEPHONE—ARISING OUT OF AND IN COURSE OF EMPLOYMENT.

Receptionist at funeral home, who remained on the employer's premises and after having taken a bath in quarters provided for her use slipped on rug and broke her hip as she was about to answer telephone, sustained an injury arising out of and in the course of her employment entitling her to workmen's compensation (CL 1948, § 412.1).

2. SAME—AWARD TO EMPLOYEE—DEATH—PAYMENT OF ACCRUALS TO ADMINISTRATOR.

An award of compensation to an injured employee by the workmen's compensation commission is operative up to the time of the employee's death, notwithstanding it is not affirmed until some time after the employee's death, hence amount accruing under such award is payable to the administrator of the estate of the employee.

Appeal from Workmen's Compensation Commission. Submitted April 3, 1951. (Docket No. 7, Calendar No. 44,932.) Decided May 14, 1951.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation, § 214 *et seq.*
[2]  58 Am Jur, Workmen's Compensation, §§ 578, 579.
[2]  Survival of right to compensation under workmen's compensation acts upon the death of the person entitled to the award. 24 ALR 441; 29 ALR 1426; 51 ALR 1446; 87 ALR 864.

Elizabeth Brandner presented her claim for compensation against Myers Funeral Home, employer, and State Accident Fund, insurer. Award to plaintiff. Defendants appeal. George Brandner, administrator of estate of Elizabeth Brandner, deceased, substituted as party plaintiff. Affirmed.

*Eldred & Eldred,* for plaintiff.

*Harry F. Briggs* (*Peter Munroe,* of counsel), for defendants.

DETHMERS, J.   Plaintiff's decedent, hereinafter called plaintiff, was employed as a receptionist at defendant funeral home. Her duties included answering the telephone and doorbell. Her employer and family being away on a vacation, she was required to stay at the place nights, during which she was left in sole charge, responsible for receiving incoming calls. A bedroom and bathroom in her employer's living quarters over the funeral parlors were made available for her use. At about 11 p. m., after taking a bath, she stepped out of the bathtub onto a small rug. The telephone rang, whereupon she reached for her housecoat, intending to go to the bedroom to answer the call. The rug slipped, causing her to fall and break her hip. Did plaintiff's injury and resultant disability arise out of and in the course of her employment?

Defendants, appealing from an award of compensation by the commission, contend that plaintiff's injury was the direct result of her taking a bath; that she could have taken a bath on her own time, at her own home; that there was no causal connection between her injury and her work; that she was doing nothing for the benefit of her employer but was on a mission of her own when injured; that, in consequence, her injury did not arise out of or in the

course of her employment.* They rely on *Meehan* v. *Marion Manor Apartments,* 305 Mich 262, and *Daniel* v. *Murray Corporation of America,* 326 Mich 1. In the *Meehan Case* the employee was not on duty and was doing nothing for his employer when his injury occurred. In the *Daniel Case* the employee was injured after his work for the day was ended, while he was on his way home. Distinguishable is the instant case in which plaintiff was injured while on duty. She had not finished her work for the day, but on the contrary, injury accidentally befell her while she was engaged in performing one of the duties of her employment, namely, going to the telephone to answer a call.

"An injury arises out of and in the course of the employment when it occurs while engaged in the duties of the employment and it has a rational causal connection to the work." *Anderson* v. *Kroger Grocery & Baking Co.,* 326 Mich 429, 432.

For cases in which employee's injuries were held to have arisen out of and in the course of employment when sustained on the job while he was engaged in acts of ministration to himself, see *Amicucci* v. *Ford Motor Co.,* 308 Mich 151, and *Haller* v. *City of Lansing,* 195 Mich 753 (LRA1917E 324).

The commission awarded plaintiff compensation on June 14, 1950; on July 10th defendants filed application for leave to appeal to this Court, which was allowed on September 12th. Plaintiff died on October 18, 1950, and a suggestion of death and prayer for substitution of the administrator of her estate as party plaintiff was filed in this Court by plaintiff's attorneys on December 21, 1950. On December 22d this Court ordered that the cause be revived and proceed to final judgment in the name of the administrator, in the place of the deceased, as

---

* See CL 1948, § 412.1 (Stat Ann 1950 Rev § 17.151).—Reporter.

party plaintiff. The case was argued and submitted here on April 3, 1951. On April 5, 1951, defendants filed a motion in this Court to dismiss the entire proceedings for benefits under the workmen's compensation act, claiming that they abated with plaintiff's death, citing *Stone* v. *Smith,* 275 Mich 344; *Holtz* v. *B. F. Keith Detroit Corp.,* 276 Mich 72; *Hoffman* v. *Parker Monument Co.,* 290 Mich 394; and *Nacey* v. *Utley,* 295 Mich 266. In each of those cases an award had not yet been made by the commission at the time of the employee's death. In opposing the motion, plaintiff relies on *Stetu* v. *Ford Motor Co.,* 277 Mich 468, and *Houg* v. *Ford Motor Co.,* 288 Mich 478, in which this Court held that compensation which accrued, under a commission award, prior to the employee's death survives to his estate and is collectible by his personal representative. The distinction made in the 2 lines of cases would seem to revolve around the question of whether an award of compensation had or had not been made by the commission prior to the employee's death. In the instant case the award of compensation by the commission antedated plaintiff's death, bringing the case under the rule of the *Stetu* and *Houg Cases.* Accordingly, we hold, in the language of the *Houg Case,* that "The award of the department of labor and industry was operative up to the time of plaintiff's death and is to that extent affirmed, and the amount accruing under such award may be paid to the administrator of plaintiff's estate." Plaintiff's administrator will recover costs.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.