WALKER v U S EQUIPMENT COMPANY

Docket No. 77-2640. Submitted November 20, 1978, at Detroit.—Decided July 11, 1979.

Joseph Walker claimed worker's compensation benefits from his employer, U. S. Equipment Company, and its insurer, Insurance Company of North America. Walker signed a redemption agreement and, at his request, the redemption hearing was held without his presence. Without the knowledge of the hearing referee, the employer, or the insurer, Walker died before the hearing from causes other than the injury for which he sought compensation. The redemption order was approved by the referee and mailed to the parties on September 27, 1976. On November 1, 1976, counsel for the employer and insurer, having learned of Walker's death, filed for an appeal of the redemption order, alleging that the order was invalid because there had been no substitution of parties after Walker's death. The director of the Bureau of Workmen's Compensation ruled that because the appeal was not brought within 15 days of the date the order was mailed the bureau had no jurisdiction to hear the appeal. Upon appeal by the employer and the insurer, the Worker's Compensation Appeal Board affirmed the director's decision. U. S. Equipment and Insurance Company of North America appeal by leave granted. *Held:*

1. The 15-day rule precludes the appeal board from examining the factual merits of a redemption order which is appealed late, but does not prevent the appeal board from setting aside a void order. The claim that the redemption order was void was properly before the appeal board.

2. The bureau did have jurisdiction to enter the redemption order, and the order is not void. The statutory provision allowing for continuation by a personal representative of a claim where the claimant dies before resolution of the claim is to be construed liberally in favor of the claimant's estate and depen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 605, 622.
[2] 73 Am Jur 2d, Statutes §§ 278, 279.
   82 Am Jur 2d, Workmen's Compensation § 629.

dants. The order may be confirmed upon proper substitution of parties.

Remanded for further proceedings.

1. WORKMEN'S COMPENSATION — REDEMPTION ORDERS — APPEAL AND ERROR — STATUTES.

A statutory rule which requires that an appeal of a worker's compensation redemption order is to be taken within 15 days or the order becomes final presumes the existence of a valid redemption order; the rule does not preclude review of an order on a petition for review filed later than 15 days after the order is issued where the petitioner alleges that the redemption order was void because the Bureau of Workmen's Compensation did not have jurisdiction to enter the order (MCL 418.837; MSA 17.237[837]).

2. WORKMEN'S COMPENSATION — DEATH OF CLAIMANT — STATUTES.

The provision of the Worker's Disability Compensation Act which allows a cause of action for a worker's personal benefits to be continued by the worker's personal representative where the worker dies prior to resolution of his claim is remedial in nature and is to be liberally construed in favor of the estate and dependants of the worker (MCL 418.375[3]; MSA 17.237[375][3]).

3. WORKMEN'S COMPENSATION — DEATH OF CLAIMANT — SUBSTITUTION OF PARTIES.

A worker's compensation redemption award made without the substitution of a personal representative where the injured worker dies prior to the making of the award is not void but can be confirmed by the worker's estate upon the proper substitution of parties.

*Gittleman, Paskel, Tashman, Ross & Linden,* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for defendants.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Defendants appeal by leave

* Circuit judge, sitting on the Court of Appeals by assignment.

granted an order of the Worker's Compensation Appeal Board affirming the decision of the director of the Bureau of Workmen's Compensation that the bureau had no jurisdiction to review the redemption order entered in this case.

On August 6, 1976, plaintiff signed an agreement to redeem defendant employer's liability arising out of plaintiff's compensation claim. On August 9, 1976, plaintiff signed an affidavit requesting that the redemption agreement be approved by the bureau despite the fact that he would be unable to attend the redemption hearing due to his hospitalization.

On September 11, 1976, plaintiff died from causes unrelated to the injury for which he sought compensation. Because no one else involved in the case was aware of this development, no substitution of parties was made, and the redemption order was approved by the hearing referee on September 22, 1976, and mailed to the parties on September 27, 1976.

On October 20, 1976, defendants first learned of plaintiff's death. On November 1, 1976, counsel for defendants filed for a delayed appeal of the redemption order on the ground that since plaintiff had died before the order was approved, and since there had been no substitution of parties, the bureau did not have jurisdiction to enter the award and therefore the award was invalid.

Relying on MCL 418.837; MSA 17.237(837),[1] the

---

[1] "(1) The director shall direct the processing for approval or rejection by the hearing referees of all redemption agreements and lump sum applications filed under the provisions of section 835.

"(2) The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after

director of the Bureau of Workmen's Compensation held that because no appeal was taken within 15 days from the date the redemption order had been mailed to the parties, the bureau had no jurisdiction to hear defendants' claim. The Worker's Compensation Appeal Board agreed with the director and affirmed.

Although a redemption order becomes final when not appealed within the 15-day period, it does not necessarily follow that the bureau is without authority and jurisdiction to review any such order. Defendants did not merely allege that there was a mistake in the order or that the order was erroneous. Instead, defendants' allegations went to the very heart of the bureau's authority to issue the order. The board agreed that the order could be reviewed, but stated that the review should be pursued in the courts and not with the board. We disagree. There is no justification for requiring a party to climb a useless appellate ladder within the bureau merely to preserve its claim to direct review by this Court or to undertake instead the burdensome task of collateral attack in the circuit court in order to obtain relief from an order which is allegedly totally invalid. The 15-day rule contained in MCL 418.837; MSA 17.237(837) presumes the existence of a valid order. Although the rule precludes the board from examining the factual merits of the redemption order, it does not prevent the board from setting aside a void order. Therefore when a party alleges in its petition for review that the redemption order was void because the bureau did not have jurisdiction to enter the order, the board may review the order notwithstanding the 15-day rule.

hearing, the director shall enter such order as he deems just and proper. Any such order of the director may be appealed to the board within 15 days after the order is mailed to the parties."

Since defendants alleged the redemption order was invalid for want of jurisdiction, the claim was properly before the board. However, upon reaching the merits of the dispute, we find that the bureau had jurisdiction to enter the order and therefore the order is not void. We make this determination based upon the history of the Worker's Disability Compensation Act.

Under former workmen's compensation practice, it was said that a worker's claim died with him. Therefore, if the worker had a job-related injury entitling him to compensation, but died before the bureau had made a final determination of his entitlement, the claim was extinguished and neither his estate nor dependents could recover, on the worker's behalf, the benefits which would have been payable to the deceased worker from the date of his injury to the time of his death. *E.g., Holtz v B F Keith Detroit Corp,* 276 Mich 72; 267 NW 789 (1936), *Stone v Smith,* 275 Mich 344; 266 NW 374 (1936).

Naturally, a rule which denied recovery of a worker's valid claims based on no more than the fortuitous timing of the worker's death gave the insurer a windfall at the expense of the worker's dependents and estate who had a legitimate interest in collecting and distributing all money owed to the deceased worker. This rather inequitable result was remedied by the Legislature with the enactment of MCL 418.375(3); MSA 17.237(375)(3),[2] which declared that the cause of action for the worker's personal benefits did not die with him, but "may be continued in the name of his personal representative".

This history demonstrates clearly that the provi-

[2] This statute is an almost verbatim reenactment of former MCL 412.12; MSA 17.162.

sion is remedial in nature and as such is to be construed liberally in favor of the persons intended to be benefited by the statute, see 3 Sutherland, Statutory Construction, § 60.01, p 29, *i.e.,* in favor of the estate and dependents of the worker. The defendants' interpretation would not accomplish this result.

During his lifetime, the worker has complete control over his claim for compensation and its settlement. MCL 418.341; MSA 17.237(341). The naming of a personal representative as provided for in MCL 418.375(3); MSA 17.237(375)(3) is a device to accommodate the transfer of complete control over the litigation and settlement process from the employee to his estate. Since the naming of a personal representative is for the benefit of the dependents and heirs of the worker in order to allow them approval over any settlement, the persons hurt by the failure to name the representative and thus the only ones who can complain about the failure are the dependents and heirs themselves. It would be anomalous to allow the insurer to invalidate an award in favor of the worker on the ground that there was a technical violation of a provision designed for the benefit of the worker's estate. Therefore an award made without the substitution of a personal representative is not void, but can be confirmed by the worker's estate upon the proper substitution of parties.

This action is remanded to the Workmen's Compensation Bureau for substitution of parties. See *Cruz v Chevrolet Grey Iron Div of General Motors Corp,* 398 Mich 117, 126; 247 NW2d 764 (1976), *reh den* 399 Mich 1041 (1977). Upon the substitution of the personal representative and the representative's approval of the settlement reached in the

redemption order, the award will be payable to the worker's dependents, MCL 418.375(3); MSA 17.237(375)(3) and MCL 418.321; MSA 17.237(321), or if there are no dependents, then to the worker's heirs. *Siebert v Northport Point Cottage Owners' Ass'n,* 378 Mich 661; 148 NW2d 790 (1967).

Remanded.