GRIER v YELLOW FREIGHT SYSTEM, INC

Docket No. 222037. Submitted February 7, 2001, at Grand Rapids. Decided
March 9, 2001, at 9:10 A.M. Leave to appeal denied, 465 Mich ___.

James Grier, an attorney working as a dock laborer for Yellow Freight
System, Inc., suffered a heart attack while at work. Grier applied
for worker's compensation benefits, but a worker's compensation
magistrate denied benefits after determining that Grier was not dis-
abled given his qualifications and training. The Worker's Compensa-
tion Appellate Commission affirmed the magistrate's decision, but
ordered payment of medical benefits for the treatment of the heart
attack. The Court of Appeals, REILLY, P.J., and GRIBBS and WHITE, JJ.,
in lieu of granting leave to appeal, entered an order on June 29,
1994, vacating the decision of the WCAC and remanding the matter
for reconsideration (Docket No. 171856). On remand, the WCAC
again affirmed the magistrate's decision, but ordered payment of
the medical benefits and worker's compensation benefits for the
three-month period after the heart attack when Grier was totally
disabled. The Court of Appeals, YOUNG, P.J., and WAHLS and SAAD,
JJ., denied Grier leave to appeal in an order entered on July 1, 1997
(Docket No. 198451). Grier applied for leave to appeal in the
Supreme Court, but died while the application was pending. Yellow
Freight moved for the dismissal of the application on the basis of
Grier's death. In lieu of granting leave, the Supreme Court vacated
the judgment of the Court of Appeals and remanded the case to the
WCAC for reconsideration. The Supreme Court also denied Yellow
Freight's motion for dismissal. 457 Mich 875 (1998). On remand,
Yellow Freight moved for dismissal, arguing that, under MCL
418.375, Grier's death and lack of surviving dependents precluded
any award of benefits. The WCAC denied the motion and substituted
Ruth M. Grier, personal representative of James Grier's estate, as
party plaintiff. The WCAC eventually issued an opinion affirming the
magistrate's decision as earlier modified by the WCAC. Yellow
Freight appealed by leave granted.

The Court of Appeals held:

An employer may remain liable to a deceased employee's estate
for an amount due and owing the employee as a result of a final

award entered by the WCAC before the employee's death even where no death benefits are available under MCL 418.375.
Affirmed.

WORKER'S COMPENSATION — UNPAID BENEFITS — EMPLOYEE DEATH.

An employer remains liable to the estate of a deceased employee for an amount due and owing the employee as a result of a final award entered by the Worker's Compensation Appellate Commission before the employee's death even where no death benefits are available (MCL 418.375).

*Thomas J. Bertino* (*Daryl Royal,* of counsel) for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Garrett TenHave-Chapman*), for the defendant.

Before: TALBOT, P.J., and SAWYER and MARKEY, JJ.

MARKEY, J. Defendant appeals by leave granted from an order of the Worker's Compensation Appellate Commission (WCAC) on remand affirming an order granting plaintiff's decedent a closed award of worker's compensation benefits during his period of total disability immediately following his injury. We affirm.

I

The decedent was an attorney who worked for defendant as a dock laborer. While at work in November 1989, he suffered a heart attack. He subsequently filed an application for worker's compensation benefits, listing no dependents on his application. Similarly, the parties stipulated at trial in 1992 that the decedent had no dependents.

Following trial, a magistrate concluded that the decedent was not entitled to worker's compensation benefits because, with his qualifications and training,

he was not "disabled" within the meaning of the statutory definition of "disability," a conclusion leading to the two previous applications to this Court. The WCAC en banc affirmed the magistrate's decision, except that it modified the order to include medical benefits related to the treatment of the decedent's heart attack. This Court vacated the WCAC's order and remanded the case for reconsideration.

On remand in 1996, the WCAC again affirmed the magistrate's decision but held that the magistrate's opinion should be modified to include both the medical benefits previously mentioned and worker's compensation benefits for the period after the decedent's heart attack when he was totally disabled, a period lasting "up to three months." The decedent applied for leave to appeal to this Court, but this Court denied the application.

The decedent applied for leave to appeal to our Supreme Court. In January 1998, the decedent died. Defendant moved to dismiss the decedent's application on the basis of the decedent's death. In lieu of granting the decedent's application, our Supreme Court vacated this Court's judgment and remanded the case to the WCAC for reconsideration in light of new case law on the definition of disability. The Court dismissed defendant's motion to dismiss without prejudice to defendant's ability to raise the issue before the WCAC.

Defendant moved to dismiss in the WCAC, again arguing that the decedent's death and his having no dependents precluded any award of benefits pursuant to MCL 418.375. The WCAC denied defendant's motion and substituted the personal representative of the decedent's estate as party plaintiff in this case. The

WCAC issued an opinion in August 1999 affirming the magistrate's 1992 decision as modified by the WCAC in 1996. Defendant filed the instant application to this Court, which we granted.

II

Although this case has a long appellate history, the single issue before us is whether § 375 of the Worker's Disability Compensation Act (WDCA), MCL 418.375, precludes the WCAC's award of benefits where the decedent died and left no dependents. We find that § 375 does not preclude the WCAC's award in this case.

According to defendant, the WCAC erred in awarding plaintiff's decedent benefits for a brief period of total disability immediately after the decedent's injury. Defendant asserts that the WCAC should have instead granted defendant's motion to dismiss because the decedent was not entitled to any award of benefits under MCL 418.375 because he died without dependents.

MCL 418.375 provides for "death benefits" to a decedent's survivors. See also MCL 418.321. However, plaintiff does not assert that death benefits are available in this case. Plaintiff instead argues that defendant should not be excused from the payment obligation simply because the litigation outlasted the decedent. Plaintiff opines that defendant is essentially arguing that it is free from liability to the decedent's survivors or heirs unless one of them were financially dependent on him. According to plaintiff, such a result is contrary to the legislative intent acknowledged in this Court's prior opinions in *Walker v U S*

*Equipment Co*, 94 Mich App 454, 458-459; 290 NW2d 36 (1979), and *Dean v Arrowhead Steel Products Co, Inc*, 5 Mich App 691, 709-710; 147 NW2d 751 (1967).

We agree with plaintiff that an employer may remain liable to a decedent's estate for an amount due and owing an employee as a result of a final award entered by the WCAC before the employee's death even where no death benefits are available. See, e.g., *Adams v Sebewaing Brewing Co*, 347 Mich 265; 79 NW2d 483 (1956); *Brandner v Myers Funeral Home*, 330 Mich 392, 394-395; 47 NW2d 658 (1951). MCL 418.375 does not end an employer's liability where the employee dies *after* an employer's obligation has accrued.

Here, where the WCAC awarded the decedent benefits two years before his death, the payment obligation had accrued, and the WCAC award constituted an asset of the decedent's estate at his death. The main reason the personal representative of an estate is given the right to pursue the claim is because the payment had accrued. *Siebert v Northport Point Cottage Owners' Ass'n*, 378 Mich 661, 666; 148 NW2d 790 (1967) (ADAMS, J.). "No authorization of such right in the act was deemed necessary." *Id.*

In this regard, defendant's argument is apparently that plaintiff is not entitled to payment of any award due and owing the decedent because the decedent named no dependents to whom the personal representative could make the payment. However, we believe that in proffering this argument, defendant has improperly transferred the requirement of naming a dependent from the death benefits analysis of MCL 418.375 to this fact situation. We can find no law supporting the proposition that an award due and owing

an employee during his lifetime cannot thereafter simply be paid to the employee's estate. The fact that the employee had no dependents is irrelevant.

The WCAC's award in this case was operative up to and past the time of the decedent's death. Therefore, plaintiff was permitted to collect the accrued and unpaid balance of the award as an asset of the estate. Accordingly, the WCAC did not err in denying defendant's motion to dismiss the case and proceeding with its decision to affirm the earlier award.

We affirm.