HOLTZ *v.* B. F. KEITH DETROIT CORP.

1. Workmen's Compensation—Death of Employee—Abatement of Proceedings.

On employee's death before payment of any compensation, there was abatement of the entire proceeding and all liability on part of employer and insurer, where appeal had been taken and no final order made thereon.

2. Same—Abatement of Proceedings—Remand to Deputy Commissioner.

On abatement of proceedings for workmen's compensation because of employee's death pending appeal, proceedings were properly remanded to deputy commissioner to take additional testimony and review question of dependency and any other questions then before him.

Appeal from Department of Labor and Industry. Submitted April 8, 1936. (Docket No. 25, Calendar No. 38,602.) Decided June 11, 1936.

Herman Holtz presented his claim against B. F. Keith Detroit Corporation, Sub., R. K. O. Theatre Corporation, employer, and Employers Liability Assurance Corporation, insurer, for compensation for accidental injuries sustained while in defendant's employ. Award to plaintiff by deputy commissioner. Pending appeal therefrom, plaintiff died. Petition by Martha Holtz, as widow and dependent, for compensation. From order remanding proceedings to deputy commissioner to take additional testimony and order of department construing previous order and dismissing appeal, defendants appeal. Former order affirmed. Latter order vacated.

*Robert Plunkett* and *Floyd T. Schermerhorn,* for plaintiff.

*Alexander, McCaslin & Cholette* and *E. Dean Alexander,* for defendants.

BUTZEL, J.   Herman Holtz, claiming to have suffered a compensable injury on March 19, 1934, after due notice, applied for adjustment of claim. Defendants denied liability. After a hearing on September 19, 1934, the deputy commissioner allowed plaintiff compensation at the rate of $10 per week. An application for review was duly filed by defendants and on April 8, 1935, while the appeal was pending, plaintiff died, and defendants presented a petition to set aside the award on that account. Almost contemporaneously, Martha Holtz, widow and dependent of Herman Holtz, filed an affidavit, reciting Holtz' death, that it was traceable to the accident, and that medical expenses were incurred, and that she is a dependent. On June 27, 1935, the department denied defendants' petition to set aside the award and ordered that the notice and application for adjustment of claim filed on behalf of plaintiff be granted and the case referred to a deputy commissioner to take testimony and to determine what dependents plaintiff left and to take such further and additional testimony in addition to that theretofore taken. However, on August 5, 1935, the department entered another order reciting the finding of the deputy commissioner and the subsequent appeal and stating that the order issued on June 27, 1935, "has been construed to be ambiguous; therefore, it is ordered that this matter be, and hereby is, dismissed."

It is unnecessary to determine what effect the second order had on the first. On Holtz' death prior

to the payment of any compensation, there was an abatement of the entire proceeding and of all liability on the part of defendants to pay compensation inasmuch as an appeal had been taken and no final order made on such appeal. The first order is construed to mean no more than that the death of Herman Holtz abated the proceedings as to him and the order merely made such abatement a matter of record. The proceeding is still pending for the purpose of determining the rights of his dependents to compensation. It was proper for the department to remand the proceedings to a deputy commissioner to take testimony as to Holtz' death and the rights of his dependents, if any; that at the supplemental hearing before the deputy commissioner, additional testimony may be taken by either party, each of whom shall have the right of review of any question decided at either or both hearings before the deputy commissioner. This is in accordance with our opinion on a very similar state of facts in *Stone* v. *Smith,* 275 Mich. 344. The first order stands as construed in this opinion. The second order is held for naught. Neither party will recover costs.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.