HOFFMAN *v.* PARKER MONUMENT CO.

1. WORKMEN'S COMPENSATION—CLAIM BY EMPLOYEE—DEATH.

No award may be made on an employee's claim for compensation where he dies before hearing on notice of application for adjustment of claim.

2. SAME—PERSONAL REPRESENTATIVE OF DECEASED WORKMAN.

The workmen's compensation act either before or since amendment relative to occupational diseases has contained no provision for continuing the prosecution of a claim by a personal representative of a deceased workman (2 Comp. Laws 1929, § 8407 *et seq.*, as amended by Act No. 61, Pub. Acts 1937).

3. SAME—STONEWORKER'S PHTHISIS—DEATH OF CLAIMANT—ASSIGNMENT—PERSONAL REPRESENTATIVE—DEPENDENTS.

Plaintiff daughter, executrix of estate of deceased stonecutter and purported assignee of his claim against defendants for compensation for disability due to occupational disease known as stoneworker's phthisis, could not, after workman's death, continue his claim for compensation since statute specifically provides that compensation payments are nonassignable, no provision is made for continuance of such a claim by the personal representative of deceased's estate, and plaintiff did not make claim as a dependent of deceased (2 Comp. Laws 1929, § 8407 *et seq.*, as amended by Act No. 61, Pub. Acts 1937, § 8437).

Appeal from Department of Labor and Industry. Submitted June 9, 1939. (Docket No. 53, Calendar No. 40,489.) Decided September 6, 1939.

Willis Inch presented his claim against Parker Monument Company, employer, and State Accident Fund, insurer, for compensation for injury sus-

tained in defendant's employ.  Doris Hoffman, as executrix of the estate of Willis Inch, petitioned to be substituted as party plaintiff, and defendants moved to dismiss the claim.  From order denying motion to dismiss, defendants appeal.  Reversed.

*Harry F. Briggs* and *Roy Andrus,* for defendants.

BUTZEL, C. J.   Plaintiff is the daughter and executrix of the estate of Willis Inch, who was employed for many years by the Parker Monument Company as a stonecutter.   On March 22, 1938, Inch became ill from what he apparently claimed to be stoneworker's phthisis.   On July 5, 1938, he filed a notice of application for adjustment of claim under the occupational disease amendment to the workmen's compensation law, Act No. 61, Pub. Acts 1937 (Stat. Ann. Cum. Supp. 1939, § 17.220 *et seq.*).   Inch died on October 16, 1938, before even a time for hearing on his claim had been set.   No award therefore could be made.

Three days before his death Inch purported to assign his claim for compensation to plaintiff, whom he had named executrix in his will.   After his death, plaintiff petitioned to be substituted as a party plaintiff in the original proceeding before the department of labor and industry.   Defendant moved to dismiss the application on the ground that plaintiff was not a proper party in interest because any possible cause of action owned by Inch did not survive his death.   The department denied defendant's motion and appeal was allowed to this court.

We have repeatedly held that the workmen's compensation act contains no provision for continuing the prosecution of a claim by a personal representative of a deceased workman.   *Schlickenmayer* v.

*City of Highland Park,* 253 Mich. 265; *Munson* v. *Christy,* 270 Mich. 94; *Stone* v. *Smith,* 275 Mich. 344. This rule was unaffected by *Stetu* v. *Ford Motor Co.,* 277 Mich. 468, and *Houg* v. *Ford Motor Co.,* 288 Mich. 478, where the representative was allowed to collect the accrued and unpaid balance of an award which had already been made to the worker before his death. No award had here been made to the deceased during his lifetime so that plaintiff, as executrix, is unable to assert a claim within the rule of these latter cases. These principles have undergone no change by the occupational disease amendment to the compensation act.

Compensation payments are specifically made nonassignable by statute. 2 Comp. Laws 1929, § 8437 (Stat. Ann. § 17.171). Plaintiff cannot continue the proceedings begun by her father by reason of an assignment of his right to receive such payments, if any.

Provision is made for an award to dependents where the workman dies as a result of the injury if claim is properly and timely made. 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155). Plaintiff cannot recover in the proceedings set forth in the record.

The order of the commission is reversed, with costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.