NACEY v. UTLEY.

1. WORKMEN'S COMPENSATION—DEATH OF EMPLOYEE PRIOR TO EXPIRATION OF PERIOD COVERED BY AWARD.
    The death of an employee prior to the expiration of period within which he would receive weekly payments of workmen's compensation, if awarded, ends his disability and terminates all liability to him under the workmen's compensation act (2 Comp. Laws 1929, § 8428).

2. SAME—PROSECUTION OF PROCEEDING BY PERSONAL REPRESENTA-
TIVE OF DECEASED PERSON.

The workmen's compensation act concerns only employers and
employees, the latter term including dependents, and the act
contains no provision for the prosecution of a proceeding
before the department of labor and industry by a personal
representative of a deceased person (2 Comp. Laws 1929,
§ 8428).

3. SAME—DEATH—TERMINATION OF EMPLOYER'S LIABILITY TO EM-
PLOYEE.

Employee's death prior to final order of department of labor
and industry awarding compensation ends employer's liability
to pay compensation to employee, his proceeding to recover
same becoming abated thereupon (2 Comp. Laws 1929, § 8428).

4. SAME—DEATH OF EMPLOYEE DURING PENDENCY OF PROCEEDING—
REMAND FOR DEPENDENTS.

Remand of proceeding to recover workmen's compensation in
order to determine the rights, if any, of dependents of em-
ployee who, prior to final order of department of labor and
industry awarding compensation on petition for further com-
pensation, died from causes which had no proximate connec-
tion with the injury he had received and for which some
compensation had already been paid, will not be ordered
where dependents are not before the department for determi-
nation of their rights.

Appeal from Department of Labor and Industry.
Submitted June 11, 1940. (Docket No. 6, Calendar
No. 41,053.) Decided November 13, 1940. Rehear-
ing denied February 7, 1941.

Charles Nacey entered into an agreement with J.
A. Utley, employer, and American Mutual Liability
Insurance Company, insurer, for lump sum settle-
ment for compensation. On petition to reopen and
review, and for further compensation. · Award to
plaintiff. Defendants appeal. Plaintiff died pend-
ing appeal. Reversed and remanded.

*Dann & Atlas,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

BOYLES, J. Plaintiff, an employee of the defendant Utley, suffered a compensable injury on July 31, 1935; was paid compensation under agreement until December, 1936, at which time the department of labor and industry authorized and approved a lump sum payment. In November, 1938, plaintiff filed a petition for further compensation, claiming change of condition and disability since May, 1936. In March, 1939, plaintiff was awarded further compensation for partial disability by the deputy who heard the case, from which award defendants promptly made application for review by the department. In August, 1939, the department ordered a hearing on review before the department.

December 1, 1939, the department received a telegram from attorneys for the defendants stating they were advised plaintiff died November 3d and asking the department to "see that the proper order is entered in the case." On December 4th, the department wrote the attorneys for defendants acknowledging receipt of the telegram and advising as follows:

"Until the matter comes before the department formally, we do not believe any order should be made."

No order on the appeal had on that date been made by the department. However, on December 12th, the department filed an opinion on review of the deputy's award, and on the same day entered an order modifying the award of the deputy and awarding plaintiff compensation for total disability at the rate of $13.43 per week from March 4, 1938. This amount was determined by deducting certain payments already made.

Defendants have appealed, and, among other issues, raise this question: "Did the department err in making an award after having been advised of

the death of the applicant without intervention by dependents or personal representatives?'' Defendants claim this was error.

We are inclined to be critical of the procedure followed by attorneys for the defendants in attempting to make a record of death in the department of labor and industry solely by relying upon a telegram. However, the record conclusively shows by a certificate of death that plaintiff's death occurred in Detroit, November 3, 1939. On that date, there was no award of compensation to the plaintiff by the department. The matter stood on an appeal to the department for review of an award by the deputy. The death of plaintiff, occurring prior to the expiration of the period within which he would receive weekly payments if awarded, must be deemed to end his disability, and all liability was thereby terminated as to him. 2 Comp. Laws 1929, § 8428 (Stat. Ann. § 17.162).

Counsel for plaintiff claim the award should stand for the purpose of collection by a personal representative of the deceased plaintiff, the collection to be limited to compensation accruing prior to November 3d. In that connection, counsel rely upon *Stetu* v. *Ford Motor Co.*, 277 Mich. 468. However, the *Stetu Case* is readily distinguishable from the case at bar. In the *Stetu Case,* an award had been made and compensation paid prior to the death of the employee. The widow claimed the right to intervene either as sole dependent or administratrix to recover the amount due decedent up to the time of his death. It was held that on proper petition she might establish her claim as administratrix inasmuch as a valid and binding award made after decedent was injured had never been stopped by any approved settlement receipt. The award still remained in effect. These facts distinguish the *Stetu Case* from the case at bar in which no action whatever has been

taken either by a dependent or a personal repre-
sentative of claimant. The case here stands solely
on the petition of the plaintiff, now deceased, on
which no compensation had yet been paid or finally
awarded at the time of his death. The rights, if any,
of a dependent or a personal representative of the
deceased are not before the department or this court
in the instant case.

The workmen's compensation act * contains no
provision for the prosecution of a proceeding before
the department of labor and industry by a personal
representative of a deceased person. The act con-
cerns only two classes of persons, employers and
employees, the latter term including dependents.
The liability of the employer, if the employee's
death results from a compensable injury, is to the
employee's dependents. The employee's death
prior to the final order of the department of labor
and industry awarding compensation ends the em-
ployer's liability to pay compensation to the em-
ployee and his proceeding to recover the same be-
comes abated thereupon. *Stone* v. *Smith,* 275 Mich.
344.

In *Stone* v. *Smith, supra,* plaintiff had been
awarded compensation by the deputy and appeal
taken to the department, pending the hearing of
which plaintiff died. His widow, as special adminis-
tratrix, gave notice of death, notice of her appoint-
ment, and asked the department to confirm the award
of the deputy to the time of plaintiff's death. The
notice of death referred to her as widow and depend-
ent of the plaintiff as well as special administratrix
of his estate. This Court affirmed the order of the
department dismissing the proceeding, meaning
thereby that the death of the plaintiff abated the

---

* 2 Comp. Laws 1929, § 8407 *et seq.* (Stat. Ann. § 17.141 *et seq.*).—
Reporter.

proceedings as to him. The court also indicated that under the circumstances of that case it was within the administrative powers of the department to remand the proceedings to a deputy to take testimony as to the death of the employee and the rights of his dependents, if any. Obviously, this was based upon the finding that the rights of dependents were before the department in that proceeding. Such is not the situation in the case at bar.

The record before us indicates that plaintiff's death was caused by acute peritonitis, pancreatic necrosis and arteriosclerotic heart disease. The original compensable injury to the employee was a fractured left heel and obviously the death of plaintiff from the above causes had no proximate connection with the injury. Under these circumstances, and in view of the holdings of this court above referred to, there appears to be no reason for remanding the proceedings to determine the rights, if any, of dependents.

Inasmuch as the above is decisive of the entire cause, there is no occasion to discuss the other questions raised by appellants. The order of award by the department must be set aside and the case remanded for entry of an order dismissing the proceeding. No costs awarded.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.