ADAMS *v.* SEBEWAING BREWING COMPANY.

WORKMEN'S COMPENSATION—DEATH OF EMPLOYEE AFTER AWARD—
PAYMENT OF ACCRUALS TO PERSONAL REPRESENTATIVE.
> An award of workmen's compensation by the workmen's compen-
> sation commission is operative up the time of the death of the
> employee, the amount so accruing being payable to the per-
> sonal representative of his estate (CL 1948, § 413.3).

Appeal from Huron; Bach (Arthur M.), J. Sub-
mitted October 3, 1956. (Docket No. 29, Calendar
No. 46,861.) Decided December 6, 1956.

Gertrude L. Adams, administratrix of the estate
of John B. Adams, deceased, certified to the circuit
court an unpaid award of the workmen's compensa-
tion commission in favor of her decedent and against
Sebewaing Brewing Company, a Michigan corpora-
tion, employer, and Great American Indemnity Com-
pany, an insurance company, insurer, and judgment
was rendered thereon. Defendants appeal. Af-
firmed.

*Thomas R. McAllister,* for plaintiff.

*Warner & Hart (G. Kirk Haley,* of counsel), for
defendants.

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation § 577 *et seq.*

Kelly, J. Plaintiff's decedent obtained an award from the deputy commissioner under the workmen's compensation act, which award was confirmed by the commission, on review. Defendants thereupon filed application for leave to appeal with the Supreme Court, and on October 7, 1954, an order was entered denying same. Plaintiff's decedent, however, had died on June 23, 1954 (4 months prior to the order of the Supreme Court).

Gertrude L. Adams, as administratrix of decedent's estate, brought action in the circuit court of Huron county to recover a judgment in accordance with the order and award when defendants failed to pay the award.* The lower court entered judgment for plaintiff. Defendants appeal.

The sole question in this case is: Under the workmen's compensation act is the personal representative of an employee who dies pending an appeal entitled to collect the award?

In the case of *Brandner* v. *Myers Funeral Home,* 330 Mich 392, plaintiff was awarded compensation on June 14, 1950, by the commission and on July 10th defendants filed application for leave to appeal to the Supreme Court. This was allowed on September 12th. Plaintiff died on October 18, 1950, and a suggestion of death and prayer for substitution of the administrator of her estate as party plaintiff was filed in this Court by plaintiff's attorneys on December 21, 1950. On December 22d this Court ordered that the cause be revived and proceed to final judgment in the name of the administrator, in the place of the deceased, as party plaintiff. The case was argued and submitted here on April 3, 1951. On April 5, 1951, defendants filed a motion in this Court to dismiss the entire proceedings for benefits under the workmen's compensation act, claiming that they

---

* See CL 1948, § 413.13 (Stat Ann 1950 Rev § 17.187).—Reporter.

abated with plaintiff's death.  Defendants in that case cited *Stone* v. *Smith,* 275 Mich 344; *Holtz* v. *B. F. Keith Detroit Corp.,* 276 Mich 72; *Hoffman* v. *Parker Monument Co.,* 290 Mich 394; and *Nacey* v. *Utley,* 295 Mich 266.  This Court stated.(p 395):

"In each of those cases an award had not yet been made by the commission at the time of the employee's death.  In opposing the motion, plaintiff relies on *Stetu* v. *Ford Motor Co.,* 277 Mich 468; and *Houg* v. *Ford Motor Co.,* 288 Mich 478, in which this Court held that compensation which accrued, under a commission award, prior to the employee's death survives to his estate and is collectible by his personal representative.  The distinction made in the 2 lines of cases would seem to revolve around the question of whether an award of compensation had or had not been made by the commission prior to the employee's death.  In the instant case the award of compensation by the commission antedated plaintiff's death, bringing the case under the rule of the *Stetu* and *Houg Cases.*  Accordingly, we hold, in the language of the *Houg Case* (p 482), that 'The award of the department of labor and industry was operative up to the time of plaintiff's death and is to that extent affirmed, and the amount accruing under such award may be paid to the administrator of plaintiff's estate.' "

In accordance with the *Brandner* opinion, *supra,* we hold that the award of the commission is operative up to the time of plaintiff's decedent's death and to that extent is affirmed and the amount accruing under such award may be paid to the personal representative of said decedent's estate.

Judgment affirmed, costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, CARR, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.